[No. 2273, July 17, 1918.]
## SARGENT v. CITY OF SANTA FE et al.

### SYLLABUS BY THE COURT.
The receiving by election officers of illegal or improper votes will not alone vitiate an election. It must be shown affirmatively in order to overturn the declared result that the wrongful action changed it.

Appeal from District Court, Santa Fe County; Holloman, Judge.

Suit for injunction by W. G. Sargent, for himself and others similarly situated, against the City of Santa Fe and others. Judgment for defendants, and plaintiff appeals. Affirmed.

E. P. DAVIES, of Santa Fe, for appellant.

J. J. KENNEY, of Santa Fe, for appellees.

### OPINION OF THE COURT.
ROBERTS, J. This suit was instituted in the court below by appellant, a taxpayer within the city of Santa Fe, N. M., for the purpose of enjoining the city of Santa Fe and its officers from issuing and selling "City Hall Bonds of 1918" to the amount of $10,000. The question of the issuance of the bonds was submitted to a vote of the electors of such city at the regular election for aldermen and mayor on the 4th day of April, 1918, and was approved by a very large majority, as shown by the return of the election officials.

Only one point is made against the validity of the bonds in the complaint. It is conceded, and in fact the record shows, that all the steps for the issuance of the bonds were regular and according to law, with the single exception that nontaxpaying electors were permitted by the election officials to vote upon the proposition. The constitution, § 12, art. 9, limiting the debt-contracting power of municipalities, provides:

"No such debt shall be created unless the question of incurring the same shall, at a regular election for councilmen, aldermen or other officers of such city, town or village, have been submitted to a vote of such qualified electors thereof as have paid a property tax therein during the preceding year, and a majority of those voting on the question, by ballot deposited in a separate ballot box, shall have voted in favor of creating such debt."

The trial court found that non-taxpaying electors had been permitted to vote, and that such votes so cast had been counted and canvassed by the election officials, but it further found that, notwithstanding the fact that such illegal votes were received, the proposition to issue the bonds received in fact a majority vote of the "qualified electors of said city of Santa Fe as had paid a property tax during the preceding year." In other words, the court found that the result was not affected by the illegal votes cast and counted, and held the bonds to be legal and valid, and denied the injunction.

Hence the point for determination is whether the receipt by election officers of illegal votes and counting and canvassing the same vitiates the election, notwithstanding the fact that the result is not affected thereby. The authorities are quite uniform in holding that the receiving of illegal or improper votes will not alone vitiate an election; that it must be shown affirmatively in order to overturn the declared result that the wrongful action changed it. Dillon on Municipal Corporations, vol. 1, § 376.

In the case of Wooley, etc., v. Lousiville Southern Railroad Co., 93 Ky. 223, 19 S. W. 595, an almost identical question was involved. There as a prerequisite of the right of suffrage the payment of a poll tax was essential and the election officers permitted all to vote, otherwise qualified, who had not paid the poll tax. The court said:

"It is conceded that the submission to legal voters, in all cases, is a condition precedent to a valid election; but the receiving of illegal votes by the officers of the election, who have no authority to order an election, is wholly a different question. For if the election has been legally

ordered, the condition precedent to a valid election has been complied with; and if the officers of the election violate the law in receiving illegal votes, and such illegal votes can be eliminated and the true result of the legal votes ascertained, the election is not invalid, but it will be upheld."

This is in accord with the overwhelming weight of authority. See 3 R. C. L. § 140, and cases cited under note, and see note to the case of Patton v. Watkins, 90 Am. St. Rep. 43.

The court in the instant case having found that the illegal votes received did not affect the result, the election was not vitiated, and the bonds proposed to be issued are legal and valid; hence the judgment will be affirmed; and it is so ordered.

HANNA, C. J., and PARKER, J., concur.